```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-14169-CIV-GRAHAM
                              MAGISTRATE JUDGE P. A. WHITE
```

JOSEPH ARUANNO,                  :

    Plaintiff,               :

v.                               :          REPORT OF
                                                    MAGISTRATE JUDGE
MARTIN COUNTY SHERIFF, ET AL.,
                                      :

    Defendants.              :
_____

### I. Introduction

The plaintiff, Joseph Aruanno, currently confined in New Jersey, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983. [DE #1]. The plaintiff has been granted leave to proceed in forma pauperis.

The plaintiff alleges that he was detained for one month in the Martin County Jail in 1994 and was released when authorities determined that he was innocent of the charged crime. He states that he hired an attorney to pursue an action against Martin County, but the attorney withdrew when his letters to Martin County were unanswered. The plaintiff claims generally that the attorney, along with the former and current Governor of Florida, have "created situations" which have prevented him from being compensated for the time he wrongfully spent on custody. Liberally construed, the plaintiff seeks monetary damages for (1) false imprisonment and (2) denial of access to the courts.

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.

II.  Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346,

2

1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ. , 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need

detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

A screening of this complaint reveals that it should be dismissed because the plaintiff filed the action beyond the applicable statute of limitations. A district court may sua sponte dismiss a pro se civil rights action for failure to state a claim pursuant to 28 U.S.C. §1915(e) on grounds that the face of the complaint clearly establishes that it is barred by the applicable statute of limitations. See Pino v. Ryan, 49 F.3d 51 (2 Cir. 1995). With regard to any claim arising out of his detention in Martin County, the plaintiff had four years from sometime in 1994 to file a civil action, and missed the deadline by filing his complaint with the Clerk of Court on May 12, 2008.

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that the length of the limitations period in actions pursuant to 42 U.S.C. §1983, and the closely related questions of tolling and applications, are to be governed by state law. The Court further held that these cases are best characterized as personal injury actions. Such claims in Florida are governed by Fla.Stat. §95.11(3)(a), actions founded on negligence, or Fla.Stat. §95.11(3)(o), actions for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or other

4

intentional tort, except as provided in other sections. Both of these sections establish four year periods of limitations.

Later, the Supreme Court decided <u>Owens v. Okure</u>, 488 U.S. 235 (1989), which held that when a State has multiple statutes of limitations for personal injury actions as does Florida, courts considering §1983 claims should borrow the State's general or residual personal injury statute of limitations. In Florida, this is <u>Fla.Stat.</u> §95.11(3)(p), four years for actions not specifically provided for. The Supreme Court has also held that a federal court applying a state statute of limitations to an inmate's federal civil rights action should also apply any state statute tolling the limitations period for prisoners. <u>Hardin v. Straub</u>, 490 U.S. 536 (1989). Florida has a general tolling statute, <u>Fla.Stat.</u> §95.051, but it does not toll limitations periods for prisoners.

Thus, the length of the limitations period, determined by state law, is four years. The uniform rule in computing time periods is that the first day of the period is excluded from the computation, and the last day is included. <u>McMillen v. Hamilton</u>, 48 So.2d 162 (Fla. 1950); <u>Fla.R.Civ.P.</u> 1.090(a). Because the plaintiff's injuries allegedly occurred in 1994, his last day to file a civil action was in 1998. The complaint in this case was filed on May 12, 2008, well beyond the expiration of the four year period of limitations.

The plaintiff appears to attempt to excuse his tardy filing on entirely unspecified allegations that Governors Bush and Crist, his former private attorney and unidentified Martin County officials have, for the last fourteen years, interfered with his ability to pursue a legal action. This baseless allegation does not provide any grounds whatsoever for any equitable tolling, even if such

5

tolling were available. Further, the plaintiff has raised no factual allegations to state a claim that any defendant has violated his constitutional rights by preventing him from filing a federal civil rights lawsuit challenging his detention. In addition, the claims against his former attorney could not proceed because the attorney is not amenable to a federal civil rights lawsuit, and any other possible claims against the Governors would also be untimely.

### III. Conclusion

It is therefore recommended that the complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted and that this case be closed, as the instant action was filed well beyond the applicable four year statute of limitations.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 30th day of June, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Joseph Aruanno, Pro Se
    No. 363
    NRU/STU
    P. O. Box 699
    Kearny, FL 07032-0699